1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9
10
11
12

| | |
|---|---|
| WESLEY WILLIAM BOWMAN, | ) 1:11-cv—00440-SKO-HC |
| | ) |
|                Petitioner, | ) ORDER DENYING PETITIONER'S MOTION |
| | ) FOR RELIEF FROM THE JUDGMENT |
| | ) (DOC. 9) |
|    v. | ) |
| | ) ORDER DECLINING TO ISSUE A |
| H. A. RIOS, Warden, | ) CERTIFICATE OF APPEALABILITY |
| | ) |
|             Respondent. | ) |
| | ) |
| _____ | ) |

        Petitioner is a federal prisoner who proceeded pro se in a
habeas corpus action pursuant to 28 U.S.C. § 2241.  Pursuant to
28 U.S.C. § 636(c)(1), Petitioner consented to the jurisdiction
of the United States Magistrate Judge to conduct all further
proceedings in the case, including the entry of final judgment,
by manifesting consent in a signed writing filed by Petitioner on
March 23, 2011 (doc. 5).  On April 8, 2011, the Court dismissed
the petition for lack of jurisdiction, declined to issue a
certificate of appealability, and entered judgment pursuant to

the order of dismissal.

Pending before the Court is Petitioner's motion for relief from the judgment pursuant to Fed. R. Civ. P. 60(b)(4), which was filed on May 13, 2011.  Petitioner contends that the judgment was void due to plain error as he was actually or factually innocent of the legal requirements for enhancement of his sentence because one prior conviction of tampering with an automobile was not a crime of violence as found by the sentencing court.

    I.  <u>Motion for Relief from the Judgment of Dismissal</u>

        A.  <u>Legal Standards</u>

Fed. R. Civ. P. 60 applies to habeas proceedings only to the extent that application is not inconsistent with the applicable federal statutes and rules.  <u>Gonzalez v. Crosby</u>, 545 U.S. 524, 529 (2005) (challenge to dismissal of a § 2254 petition for untimeliness).

Here, Petitioner challenges the Court's determination that dismissal of the §2241 petition was required because Petitioner had not shown that his remedy pursuant to 28 U.S.C. § 2255 was inadequate or ineffective.  The Court will assume that Rule 60(b) is appropriately applied in Petitioner's case.

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court.  The rule permits a district court to relieve a party from a final order or judgment on various grounds, including 1) mistake, inadvertence, surprise, or excusable neglect; 2) newly discovered evidence; 3) fraud or misconduct by an opposing party; 4) a void judgment; 5) a satisfied judgment; or 6) any other reason that justifies relief from the judgment.  Fed. R. Civ. P. 60(b).  The motion for

reconsideration must be made within a reasonable time, and with respect to the first three grounds, no more than a year after the entry of the judgment, order, or proceeding. Fed. R. Civ. P. 60(c).  Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc).  To succeed, a party must set forth facts or law of a strongly convincing nature to induce the Court to reverse its prior decision. See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987), cert. denied, 486 U.S. 1015 (1988).  The Ninth Circuit has stated that "[c]lause 60(b)(6) is residual and 'must be read as being exclusive of the preceding clauses.'"  LaFarge Conseils et Etudes, S.A. v. Kaiser Cement, 791 F.2d 1334, 1338 (9th Cir. 1986) (quoting Corex Corp. v. United States, 638 F.2d 119 (9th Cir. 1981)).  Accordingly, "the clause is reserved for 'extraordinary circumstances.'" Id.

Further, when filing a motion for reconsideration, Local Rule 230(j) requires a party to show the "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," as well as "why the facts or circumstances were not shown at the time of the prior motion."

B.   Facts

Here, Petitioner alleged that he was an inmate of the United States Penitentiary at Atwater, California (USPA) who challenged his sentence of one hundred (100) months imposed in case number

06-00037-01-CR-W-HFS on September 5, 2006, by the United States
District Court for the Western District of Missouri upon
Petitioner's conviction of being a felon in possession of a
firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924 (a)(2).
(Pet. 6-7.)  Petitioner alleged that the sentencing court
enhanced his sentence for having two prior convictions for a
crime of violence or a controlled substance offense, when in fact
Petitioner had only one such predicate conviction.  (Pet. 6.)
Petitioner alleged that he was "factually innocent" of the legal
requirements for the enhanced sentence because one prior
conviction of tampering with an automobile was not a crime of
violence as found by the sentencing court.  Petitioner prayed
that his sentence be vacated and that his case be remanded for
resentencing based on only one prior conviction for a controlled
substance offense.

Petitioner admitted that prison officials could not grant
the relief he requested.  (Pet. 3.)  He further indicated that he
had not filed previous petitions under 28 U.S.C. §§ 2241 or 2255.
(Pet. 4.)

C.  Analysis

A federal prisoner who wishes to challenge his conviction or
sentence on the ground it was imposed in violation of the
Constitution or laws of the United States or was otherwise
subject to collateral attack must do so by way of a motion to
vacate, set aside, or correct the sentence under 28 U.S.C.
§ 2255.  28 U.S.C. § 2255; Stephens v. Herrera, 464 F.3d 895, 897
(9th Cir. 2006); Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.
1988).  In such cases, the motion must be filed in the district

4

where the defendant was sentenced because only the sentencing court has jurisdiction.  Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir. 2000); Tripati, 843 F.2d at 1163.  Generally, a prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006); Tripati, 843 F.2d at 1162.

In contrast, a federal prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241.  Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990).

A federal prisoner authorized to seek relief under § 2255 may seek relief under § 2241 only if he can show that the remedy available under § 2255 is "inadequate or ineffective to test the legality of his detention." United States v. Pirro, 104 F.3d 297, 299 (9th Cir. 1997) (quoting § 2255).  Although there is little guidance on when § 2255 is an inadequate or ineffective remedy, the Ninth Circuit has recognized that the exception is narrow.  Id; Moore v. Reno, 185 F.3d 1054, 1055 (9th Cir. 1999) (dismissal of a successive motion pursuant to § 2255 did not render such motion procedure an ineffective or inadequate remedy so as to authorize a federal prisoner to seek habeas relief); Aronson v. May, 85 S.Ct. 3, 5 (1964) (denial of a prior § 2255 motion is insufficient to render § 2255 inadequate); Tripati, 843 F.2d at 1162-63 (9th Cir. 1988) (a petitioner's fears of bias or unequal treatment do not render a § 2255 petition inadequate); see, United States v. Valdez-Pacheco, 237 F.3d 1077 (9th Cir. 2001) (procedural requirements of § 2255 may not be circumvented

by filing a petition for writ of audita querela pursuant to the
All Writs Act, 28 U.S.C. § 1651).  The burden is on the
petitioner to show that the remedy is inadequate or ineffective.
Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).  If a
petitioner proceeding pursuant to § 2241 fails to meet the burden
of demonstrating that the § 2255 remedy is inadequate or
ineffective, then the § 2241 petition will be dismissed for lack
of jurisdiction.  Ivy v. Pontesso, 328 F.3d 1057, 1061 (9th Cir.
2003).

     In this case, Petitioner challenged his underlying sentence
because of the sentencing court's use of prior convictions in
determining the length of the sentence.  Because Petitioner was
alleging errors in his sentence, and not errors in the
administration of his sentence, the Court correctly concluded
that Petitioner was not entitled to relief under § 2241.  In
addition, Petitioner made no express claim that § 2255 was
inadequate or ineffective.  Therefore, it appeared that
§ 2255 remained available to Petitioner.

     Petitioner urges that he was factually innocent of the legal
requirements for the enhanced sentence because one prior
conviction of tampering with an automobile was not a crime of
violence as found by the sentencing court.  He relies on out of
circuit cases which have granted relief based on a showing of
factual innocence of sentencing enhancements, as distinct from a
showing of factual innocence of the offense or offenses for which
the petitioner was sentenced.  However, even assuming that
§ 2255 was otherwise unavailable to Petitioner, he did not
establish actual innocence sufficient to permit him to proceed

pursuant to § 2241.

Although authority in this circuit is limited, it is recognized that the § 2255 remedy is inadequate and ineffective. Thus a petition pursuant to § 2241 is available, when the petitioner 1) claims to be factually innocent of the crime for which he has been convicted, and 2) has never had an "unobstructed procedural shot" at presenting the claim. <u>Stephens v. Herrera</u>, 464 F.3d 895, 898 (9th Cir. 2006). In this circuit, a claim of actual innocence for purposes of the "escape hatch" of § 2255 is assessed by the test stated in <u>Bousley v. United States</u>, 523 U.S. 614, 623 (1998), which in turn requires that the petitioner demonstrate that in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him. <u>Stephens</u>, 464 F.3d 895, 898.

Here, Petitioner does not allege or demonstrate that in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him. Instead, Petitioner alleges only that he was factually innocent with respect to findings concerning prior convictions considered for sentencing. Thus, Petitioner has not established actual innocence as defined by <u>Bousley v. United States</u>, and thus he has not met the standard required in this circuit. <u>Stephens v. Herrera</u>, 464 F.3d at 898; <u>Lorentsen v. Hood</u>, 223 F.3d at 954; <u>see</u>, <u>Rith v. Rios</u>, No. 1:10-CV-01035 GSA HC, 2010 WL 2546052, *3-*4 (E.D.Cal. 2010).

The cases from outside this circuit on which Petitioner relies are not determinative. All federal circuit courts are courts of equal stature; one circuit's decisions are not binding on other circuits. However, circuit authority generally binds

1  all courts within a particular circuit, including the court of

2  appeals itself, until it is overruled by the court itself sitting

3  en banc, or by the Supreme Court.  Hart v. Massanari, 266 F.3d

4  1155, 1171 (9th Cir. 2001).

5      Because the dismissal of the petition was effected in

6  accordance with the precedent of this circuit, the judgment of

7  dismissal was not void.  Petitioner's motion for relief from the

8  judgment will be denied.

9      II.  Certificate of Appealability

10     Unless a circuit justice or judge issues a certificate of

11  appealability, an appeal may not be taken to the Court of Appeals

12  from the final order in a proceeding under section 2255.  28

13  U.S.C. § 2253(c)(1)(B); Hohn v. United States, 524 U.S. 236, 239-

14  40 (1998).  Appeal from a proceeding that is nominally undertaken

15  pursuant to 28 U.S.C. § 2241, but which is really a successive

16  application under § 2255, requires a certificate of

17  appealability.  Porter v. Adams, 244 F.3d 1006, 1007 (9th Cir.

18  2001).

19     It appears from the face of Petitioner's § 2241 petition

20  that Petitioner is raising claims attacking only the legality of

21  his sentence, and not the execution of his sentence.

22     A certificate of appealability may issue only if the

23  applicant makes a substantial showing of the denial of a

24  constitutional right.  § 2253(c)(2).  Under this standard, a

25  petitioner must show that reasonable jurists could debate whether

26  the petition should have been resolved in a different manner or

27  that the issues presented were adequate to deserve encouragement

28  to proceed further.  Miller-El v. Cockrell, 537 U.S. at 336

8

(quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)).  A

certificate should issue if the Petitioner shows that jurists of

reason would find it debatable whether the petition states a

valid claim of the denial of a constitutional right and that

jurists of reason would find it debatable whether the district

court was correct in any procedural ruling.  <u>Slack v. McDaniel</u>,

529 U.S. 473, 483-84 (2000).

    In determining this issue, a court conducts an overview of

the claims in the habeas petition, generally assesses their

merits, and determines whether the resolution was debatable among

jurists of reason or wrong.  <u>Id.</u>  It is necessary for an

applicant to show more than an absence of frivolity or the

existence of mere good faith; however, it is not necessary for an

applicant to show that the appeal will succeed.  <u>Miller-El v.</u>

<u>Cockrell</u>, 537 U.S. at 338.

    A district court must issue or deny a certificate of

appealability when it enters a final order adverse to the

applicant.  Rule 11(a) of the Rules Governing Section 2254 Cases.

    Here, it does not appear that reasonable jurists could

debate whether the motion should have been resolved in a

different manner.  Petitioner has not made a substantial showing

of the denial of a constitutional right.  Accordingly, the Court

will decline to issue a certificate of appealability.

    III.  <u>Disposition</u>

    Accordingly, it is ORDERED that:

    1)  The motion for relief from the judgment of dismissal is

DENIED; and

    2)  The Court DECLINES to issue a certificate of

1   appealability.

2

3   IT IS SO ORDERED.

4   **Dated:    July 29, 2011**                    _____/s/ Sheila K. Oberto_____
                                                    UNITED STATES MAGISTRATE JUDGE